JS-44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Paul Proudfoot and Christy Proudfoot, h/w | Harbour Group, Ltd. |

| (b) County of Residence of First Listed Plaintiff Coatesville, PA | County of Residence of First Listed Defendant St. Louis, MO |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorneys (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Richard M. Jurewicz, Esquire  Phone: 215-665-1600<br>1818 Market Street, Philadelphia, PA 19103 | Bradley D. Remick, Esquire  Phone: 215-575-2752<br>1845 Walnut Street, Philadelphia, PA 19103 |

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) |
|---|---|

II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicates Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury – Med Malpractice<br>☒ 365 Personal Injury – Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities – Employment<br>☐ 446 Amer. w/Disabilities – Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS – Third Party 26 USC 7609 | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):<br>28 U.S.C. Section 1441<br>Brief description of cause:<br>Products liability action involving peltizer machine. |
|---|---|

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND  ☐ Yes   ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions) JUDGE Legrome D Davis | DOCKET NUMBER 2-09-CV-3742 |
|---|---|---|

DATE  August 24, 2009

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   1505 Walnut Street, Coatesville, PA 19320

Address of Defendant:   7701 Forsyth Blvd, St. Louis, MO 63105

Place of Accident, Incident or Transaction     AGC Chemical of America, Thorndale, PA
                                                    *(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 8.1(a))        Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?        Yes ☐   No ☒
*RELATED CASE, IF ANY:*

Case Number:   2:09-CV-3742        Judge     Legrome D. Davis        Date Terminated

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                Yes ☐   No ☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated
    action in this court?                                                       Yes ☒   No ☐

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously
    terminated action in this court?                                            Yes ☐   No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

| A.  | *Federal Question Cases:* | | B.  | *Diversity Jurisdiction Cases:* |
|-----|---------------------------|--|-----|---------------------------------|
| 1.  | ☐ Indemnity Contract, Marine Contract, and All Other Contracts | | 1.  | ☐ Insurance Contract and Other Contracts |
| 2.  | ☐ FELA | | 2.  | ☐ Airplane Personal Injury |
| 3.  | ☐ Jones Act-Personal Injury | | 3.  | ☐ Assault, Defamation |
| 4.  | ☐ Antitrust | | 4.  | ☐ Marine Personal Injury |
| 5.  | ☐ Patent | | 5.  | ☐ Motor Vehicle Personal Injury |
| 6.  | ☐ Labor-Management Relations | | 6.  | ☐ Other Personal Injury (Please specify) |
| 7.  | ☐ Civil Rights | | 7.  | ☒ Products Liability |
| 8.  | ☐ Habeas Corpus | | 8.  | ☐ Products Liability – Asbestos |
| 9.  | ☐ Securities Act(s) Cases | | 9.  | ☐ All other Diversity Cases |
| 10. | ☐ Social Security Review Cases | | | (Please specify) |
| 11. | ☐ All other Federal Question Cases | | | |
|     | (Please specify) | | | |

# ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,   Bradley D. Remick, Esquire                        counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case
exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE    August 24, 2009              Bradley D. Remick                        49449
                                     Attorney-at-Law                         Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I verify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court
except as noted above.

DATE:    August 24, 2009             Bradley D. Remick                        49449
                                     Attorney-at-Law                         Attorney I.D. #

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| PAUL PROUDFOOT and | : | CIVIL ACTION |
| CHRISTY PROUDFOOT, h/w | : | |
| v. | : | |
| HARBOUR GROUP, ET AL. | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)   Habeas Corpus-Cases brought under 28 U.S.C. §2241through §2255.                                   ( )

(b)   Social Security-Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                              ( )

(c)   Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)   Asbestos-Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                                                            ( )

(e)   Special Management-Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                                                             ( )

(f)   Standard Management--Cases that do not fall into any one of the other tracks.             (X)

| | | |
|---|---|---|
| August 24, 2009 | Bradley D. Remick | Defendants |
| Date | Attorney-at-law | Attorney for |

| | | |
|---|---|---|
| 215-575-2762 | 215-575-0856 | bdremick@mdwcg.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)   10/02

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PAUL PROUDFOOT and<br>CHRISTY PROUDFOOT h/w<br>1505 Walnut Street<br>Coatesville, PA 19320 | :<br>:<br>:<br>:    CIVIL ACTION NO.<br>: |
|                     Plaintiffs, | :<br>:    **JURY TRIAL DEMANDED** |
|     vs. | :<br>: |
| HARBOUR GROUP, LTD<br>7701 Forsyth Blvd.<br>St. Louis, MO 63105 | :<br>:<br>:<br>: |
|          And | :<br>: |
| ACE, INC. d/b/a ACS GROUP and ACS<br>AUXILIARIES DIVISION<br>1100 E. Woodfield Road, Suite 588<br>Schaumburg, IL 60173 | :<br>:<br>:<br>: |
|          And | :<br>: |
| CUMBERLAND ENGINEERING<br>ENTERPRISES, INC., t/d/b/a CUMBERLAND<br>ENGINEERING COMPANY<br>100 Roddy Avenue<br>South Attleboro, MA 02703-7951 | :<br>:<br>:<br>:<br>: |
|          And | :<br>: |
| NELMOR CO., INC.<br>100 Roddy Avenue<br>South Attleboro, MA 02703-7951 | :<br>:<br>: |
|          And | :<br>: |
| ACCRAPAK SYSTEMS LIMITED<br>Burtonwood Industrial Centre<br>Burton Warrington<br>Cheshire, England (UKL) WA54HX | :<br>:<br>:<br>: |
|                  Defendants. | :<br>: |

## NOTICE OF REMOVAL

Defendants, Harbour Group, Ltd., AEC, Inc. d/b/a ACS Group and ACS Auxiliaries Division, Cumberland Engineering Enterprises, Inc. t/d/b/a Cumberland Engineering Co. and Nelmor Co., Inc (hereinafter ACS Auxiliary, Inc.), by and through their undersigned counsel, hereby notices the removal of this action from the Court of Common Pleas of Philadelphia County, where it is now pending, April Term 2009, No. 000966, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1441 et seq.  In support of this removal, defendants aver as follows:

1.      Plaintiffs, Paul and Christy Proudfoot, initiated this action by filing a Complaint in the Philadelphia County Court of Common Pleas.   Plaintiffs then amended the original Complaint to add additional defendants.  The Amended Complaint was filed on or about July 22, 2009.

2.      A true and correct copy of the Plaintiffs' Amended Complaint is attached hereto as Exhibit "A".   Plaintiffs served defendants with the Amended Complaint on or about July 30, 2009.  This Notice is, therefore, timely.

3.      A United States District Court has original jurisdiction over a case if the parties' citizenship is completely diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.  See 28 U.S.C. § 1332(a).

4.      In their Amended Complaint, the Plaintiffs aver that they are citizens of the Commonwealth of Pennsylvania residing at 1505 Walnut Street, Coatesville, Pennsylvania.  See Exhibit "A."

2

5.     Accrapak is an English company with its place of business in Burtonwood Warrington, Cheshire, England.  Defendant has no place of business within the United States, or specifically, Pennsylvania.

6.     Defendant Harbor Group, Ltd. ("Harbor") is not a Pennsylvania corporation nor is it located in Pennsylvania.  Indeed, Plaintiffs allege that Harbor is "incorporated in a State other than the Commonwealth of Pennsylvania with a principal place of business . . .[in] Missouri." See id.

7.     Defendants AEC, Inc. d/b/a ACS GROUP and its ACS Auxiliaries Division ("ACS") is not a Pennsylvania corporation, and it is not located in Pennsylvania.  Indeed, Plaintiffs allege that ACS is "incorporated in a State other than the Commonwealth of Pennsylvania with a principal place of business . . .[in] Illinois." See id.

8.     Defendant Cumberland Engineering Enterprises, Inc. t/d/b/a Cumberland Engineering Company ("Cumberland") is not a Pennsylvania corporation nor is it located in Pennsylvania.  Indeed, Plaintiffs allege that Cumberland is "incorporated in a State other than the Commonwealth of Pennsylvania with a principal place of business . . .[in] Massachusetts." See id.

9.     Defendant Nelmor Co., Inc. ("Nelmor") is not a Pennsylvania corporation nor is it located in Pennsylvania.  Indeed, Plaintiff alleges that Nelmor is "incorporated in a State other than the Commonwealth of Pennsylvania with a principal place of business . . .[in] Massachusetts." See id.

10.     Thus, complete diversity existed at the time of the incident giving rise to this litigation and continues to exist.

3

11.     The Plaintiffs' Complaint alleges that damages exceed "One Hundred Thousand Dollars ($100,000.00) exclusive of interest and costs." See id.

12.     Thus, as the Plaintiffs claim damages in excess of $75,000, the requisite amount in controversy exists for diversity jurisdiction.

13.     Moreover, all Defendants have consented to the removal of this action.

14.     Accordingly, the United States District Courts have original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and this action is removable to this Court pursuant to 28 U.S.C. § 1441.

15.     Pursuant to 28 U.S.C. § 1446(d), ACS entities will file a copy of this Notice of Removal with the Prothonotary of the Court of Common Pleas of Philadelphia County and will serve the same on the adverse party.

16.     By filing this Notice, ACS Auxiliary, Inc. does not waive any defenses or arguments that it has available to it, nor does ACS Auxiliary, Inc. subject itself to the jurisdiction of this or any other Court. ACS Auxiliary, Inc. specifically reserves the right to contest that it is subject to the personal jurisdiction of the Courts of this Commonwealth.

4

WHEREFORE, ACS Auxiliary, Inc. hereby removes this action presently pending against it in the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY _____

BRADLEY D. REMICK
1845 Walnut Street
Philadelphia, PA 19103-2600
(215) 575-2762

Counsel for Defendants Harbor, ACS,
Cumberland and Nelmor

5

.

*Consented to by:*

BLANK ROME LLP

BY: _____

LAURIE-ALBERTS SALITA
Attorney I.D. No. 87884
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
(215) 569-5500

Counsel for Accrapak Systems Limited

*Disclaimer: By consenting to the removal of this action, Accrapak does not waive any defenses, submit to the jurisdiction of this Court, or otherwise agree that this Court has personal jurisdiction over it.*

## CERTIFICATE OF SERVICE

I, Bradley D. Remick, Esquire, hereby certify that I caused a true and correct copy of the foregoing Notice of Removal to be served via First Class Mail to counsel of record addressed as follows:

Richard Jurewicz, Esq.
Galfand Berger, LLP
1818 Market Street, Suite 2300
Philadelphia, PA 19103
Counsel for Plaintiffs

Laurie Alberts Salita, Esquire
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA  19103-6998
Counsel for Accrapak Systems Limited

s/ Bradley D. Remick, Esquire

Dated: August 24, 2009

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
By:  Bradley D. Remick, Esquire
I.D. #49449                              *Attorney for Defendants, Harbour Group,*
1845 Walnut Street                       *AEC, Inc., Cumberland Engineering and*
Philadelphia. PA 19103                   *Nelmor Co., Inc.*
Phone: 215-575-2762
Fax: 215-575-0856
E-Mail: bdremick@mdwcg.com
PAUL PROUDFOOT and          :   PHILADELPHIA COUNTY
CHRISTY PROUDFOOT h/w        :   COURT OF COMMON PLEAS
1505 Walnut Street          :
Coatesville, PA 19320       :   April Term 2009
                            :
             Plaintiffs,    :
                            :   No. 000966
        vs.                 :
                            :
HARBOUR GROUP, LTD          :
7701 Forsyth Blvd.          :
St. Louis, MO  63105        :
                            :
            And             :
                            :
ACE, INC. d/b/a ACS GROUP and ACS  :
AUXILIARIES DIVISION        :
1100 E. Woodfield Road, Suite 588  :
Schaumburg, IL  60173       :
                            :
            And             :
                            :
CUMBERLAND ENGINEERING      :
ENTERPRISES, INC., t/d/b/a  :
CUMBERLAND ENGINEERING      :
COMPANY                     :
100 Roddy Avenue            :
South Attleboro, MA  02703-7951  :
                            :
            And             :
                            :
NELMOR CO., INC.            :
100 Roddy Avenue            :
South Attleboro, MA  02703-7951  :
                            :
            And             :
                            :

```
ACCRAPAK  SYSTEMS LIMITED                :
Burtonwood Industrial Centre             :
Burton Warrington                        :
Cheshire, England (UKL) WA54HX           :
                                         :
                         Defendants.     :
```

TO:   THE PROTHONOTARY

        AND

Richard M. Jurewicz., Esquire

In compliance with 28 U.S.C. §1446, you are hereby notified that Defendants, Harbour Group, Ltd., AEC, Inc. d/b/a ACS Group and ACS Auxiliaries Division, Cumberland Engineering Enterprises, Inc. and Nelmor Co. has removed this case to the United States District Court for the Eastern District of Pennsylvania   A true and correct copy of Defendants' Notice of Removal is attached hereto as Exhibit "A."

All Defendants have consented to the removal of this action.

By filing this Notice, Defendants do not waive any defenses or arguments that they have available to them, nor do Defendants subject themselves to the jurisdiction of this or any other Court.  Defendants specifically reserve the right to contest that it is subject to the personal jurisdiction of the Courts of this Commonwealth.

                    MARSHALL DENNEHEY, WARNER,
                    COLEMAN & GOGGIN

        BY: _____
                    BRADLEY D. REMICK
                    1845 Walnut Stree.
                    Philadelphia, PA 19103-2600
                    (215) 575-2762
                    Counsel for Defendants Harbor, ACS,
                    Cumberland and Nelmore

Consented to by:

BLANK ROME LLP

BY: _____
    LAURIE ALBERTS SALITA
    Attorney I.D. No. 87884
    One Logan Square
    130 N. 18th Street
    Philadelphia, PA 19103
    (215) 569-5500

Counsel for Acorapak Systems Limited

*Disclaimer: By consenting to the removal of this*
*action, Acorapak does not waive any defenses,*
*submit to the jurisdiction of this Court, or otherwise*
*agree that this Court has personal jurisdiction over*
*it.*

## CERTIFICATE OF SERVICE

I, Bradley D. Remick, Esquire, hereby certify I caused a true and correct copy of the

foregoing Notice of Removal to be served via First Class Mail to counsel of record addressed as

follows:

Richard Jurewicz, Esq.
Galfand Berger, LLP
1818 Market Street, Suite 2300
Philadelphia, PA 19103
Counsel for Plaintiffs

Lauric Alberts Salita, Esquire
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Counsel for Accrapak Systems Limited

s/ **Bradley D. Remick, Esquire**

Dated:  August 24, 2009

900200.00001/21792854v.1

EXHIBIT "A"

GALFAND BERGER, LLP
BY:   RICHARD M. JUREWICZ, ESQUIRE
IDENTIFICATION NO.: 39436
1818 Market Street, Suite 2300
Philadelphia, PA 19103
215-665-1600

THIS IS A MAJOR JURY TRIAL
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

Attorney for Plaintiffs

| | |
|---|---|
| PAUL PROUDFOOT and<br>CHRISTY PROUDFOOT, h/w<br>1505 Walnut Street<br>Coatesville, PA 19320 | COUNTY OF PHILADELPHIA<br>COURT OF COMMON PLEAS<br>CIVIL TRIAL DIVISION |
|                            Plaintiffs | MAJOR JURY DEMANDED |
|       v. | |
| HARBOUR GROUP, LTD<br>7701 Forsyth Blvd.<br>St. Louis, MO 63105 | April Term: 2009<br><br>No.: 00966 |
|   and | |
| AEC, Inc. d/b/a ACS GROUP and<br>ACS Auxiliaries Division<br>1100 E. Woodfield Road, Suite 588<br>Schaumburg, Il 60173 | AMENDED CIVIL COMPLAINT |
|   and | |
| CUMBERLAND ENGINNERING<br>ENTERPRISES, INC., t/d/b/a<br>CUMBERLAND ENGINEERING COMPANY<br>100 Roddy Avenue<br>South Attleboro, MA 02703-7951 | |
|   and | |
| NELMOR CO., INC.<br>100 Roddy Avenue<br>South Attleboro, MA 02703-7951 | |
|   and | |

ACCRAPAK SYSTEMS LIMITED                :
Burtonwood Industrial Centre            :
Burtonwood Warrington                   :
Cheshire, England (UK) WA5 4HX          :
                                        :
                    Defendants          :

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
One Reading Center
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333

2

## AVISO

Le han demandado en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo de la demanda y notificación para asentar una comparesencia escrita en persona o por su abogado y archivar con la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte puede continuar la demanda en contra suya y puede entrar una decision contra usted sin aviso o notificacion adicional por la cantidad de dinero de la demanda o por cualquier reclamacion hecha por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE DE LLEVAR ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE PARA PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE ABOGADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107
(215) 238-6333

3

## AMENDED COMPLAINT – CIVIL ACTION

1.      Plaintiffs Paul Proudfoot and Christy Proudfoot are husband and wife, adults and

citizens and residents of the Commonwealth of Pennsylvania residing therein at 1505 Walnut

Street, Coatesville, PA 19320.

2.      On April 13, 2009 Plaintiffs filed a Civil Action Complaint in the Court of

Common Pleas of Philadelphia County, Pennsylvania, Civil Action number 090400966 bearing

the caption of Paul Proudfoot and Christy Proudfoot, h/w v. Accrapak Systems Limited.

3.      As of the filing of this Amended Complaint, Defendant Accrapak Systems

Limited has not filed an answer to the Civil Action Complaint, so therefore Plaintiffs can file

their Amended Complaint as a matter of right and without leave of Court

4.      Defendant Harbour Group, Ltd., is a foreign corporation, incorporated in a State

other than the Commonwealth of Pennsylvania with a principal place of business at 7701 Forsyth

Boulevard, St. Louis, Missouri 63105.

5.      Defendant AEC, Inc. does business as ACS Group.

6.      Defendant AEC, Inc., and its ACS Auxiliaries Division, is a foreign corporation,

incorporated in a State other than the Commonwealth of Pennsylvania with a principal place of

business at 1100 E. Woodfield Road, Suite 588, Schaumburg, Ill 60173.

7.      Defendant Cumberland Engineering Enterprises, Inc., t/d/b/a Cumberland

Engineering Company is a foreign corporation, incorporated in a State other than the

Commonwealth of Pennsylvania with a principal place of business at 100 Roddy Avenue, South

Attleboro, MA  02703-7951.

8.      Defendant Nelmor Co., Inc., is a foreign corporation, incorporated in a State other

than the Commonwealth of Pennsylvania with a principal place of business at 100 Roddy

Avenue, South Attleboro, MA  02703-7951.

4

9.    It is believed and therefore averred, that Defendant Nelmor Co., Inc., is a wholly owned subsidiary of Defendant Cumberland Engineering Enterprises, Inc., t/d/b/a Cumberland Engineering Company.

10.   It is believed and therefore averred, that Defendant Cumberland Engineering Enterprises, Inc., t/d/b/a Cumberland Engineering Company is a wholly owned subsidiary of Defendant AEC, Inc., and its ACS Auxiliaries Division.

11.   It is believed and therefore averred, that Defendant Cumberland Engineering Enterprises, Inc., t/d/b/a Cumberland Engineering Company and Defendant AEC, Inc., and its ACS Auxiliaries Division are wholly owned subsidiaries of Defendant Harbour Group, Ltd.

12.   Defendant's Harbour Group, Ltd., AES, Inc., Cumberland Engineering Enterprises, Ltd., and Nelmor Co., Inc., and, shall hereinafter be collectively referred to as the "ACS Defendants."

13.   Based on information and belief, at all times material hereto one or more of the ACS Defendants regularly conducted business in the Commonwealth of Pennsylvania and in Philadelphia County.

14.   Defendant Accrapak Systems Limited is a foreign corporation incorporated in a State other than the Commonwealth of Pennsylvania with a principle place of business at Burtonwood Industrial Centre, Burtonwood Warrington, Cheshire, England (UK) WA5 4HX.

15    Based on information and belief, at all times material hereto Defendant Accrapak Systems Limited conducted business in the Commonwealth of Pennsylvania and in Philadelphia County.

16.   At all material times, Defendant Accrapak Systems Limited was engaged in the business of designing, manufacturing, selling and distributing pelletizer machinery and

5

equipment for the plastics industry, including but not limited to Dual Drive 900 Strand pelletizer and 750 Strand pelletizer machines.

17.   At all times set forth herein, ACS Defendants were regularly engaged in the business of marketing, promoting, leasing and selling and distributing pelletizer machinery and equipment for the plastics industry, including but not limited to Dual Drive 900 Strand pelletizer and 750 Strand pelletizer machines.

18.   The ACS Defendants are importers and distributors of scrap reclaim systems and equipment including but not limited to palletizers and granulator machinery.

19.   Defendant ASL is an exporter of scrap reclaim systems to the United States of America. The scrap reclaim systems it exports includes palletizer and granulator machines.

20.   In exporting its granulator and palletizer machinery to the United States of America, Defendant ASL knows and has reason to know that its exported equipment will be resold by its US importers to end users and purchasers located in the Commonwealth of Pennsylvania.

21.   Defendant ASL exports its equipment and machinery to the ACS Defendants.

22.   The ACS Defendants are importers of equipment and machinery manufactured by Defendant ASL.

23   At a time prior to July 24, 2008, Defendant Accrapak Systems Limited designed, manufactured, sold and placed into the stream of commerce by exporting to the United States of America Model Number 900-6 Strand pelletizer machine, Serial Number 10416-11-05.

24.   Defendant ASL sold the model number 900-6 stand palletizer machine serial number 10416-11-05 to the ACS Defendants, particularly Defendants ACS Auxiliaries, NELMOR and Cumberland Engineering Enterprises, Inc.

25.     Based on information and belief, the aforementioned Model Number 900-6 Strand

pelletizer machine was subsequently sold by the ACS Defendants to Plaintiff husband's

employer, AGC Chemical of America to be used in AGC's Thorndale, Pennsylvania facility.

26.     Based upon information and belief, Plaintiffs aver that with the design,

manufacture and sale of the subject Model 900-6 Strand pelletizer machine, all Defendants

knew, anticipated and expected that preventative maintenance would be done on the machine on

a daily, weekly, monthly, bi-yearly and annual basis.

27.     In particular, based upon information and belief, Plaintiffs aver that when

Defendant Accrapak designed and manufactured and ABC Defendants supplied the

aforementioned Model 900-6 Strand pelletizer machine all Defendants were aware, knew or

reasonably expected or should have expected that the cutting knife/blade in the machine as well

as other parts including the lag feed roll and knurled feed roll which move the plastic

strands/strings into the cutting knife would have to be serviced, maintained and repaired.

28.     Based upon information and belief, Plaintiffs aver that Defendant Accrapak

Systems Limited and ABC Defendants knew, anticipated or should have expected that on

occasion maintenance workers and operators would have to manually adjust, remove and/or

reposition parts including the cutting chamber and feed table tray on the Accrapak pelletizer

machines.

29.     Included in the design and manufacture of the subject 900-6 Model Strand

pelletizer machine were limit switches fitted to the machine hood such that when the main cover

was lifted for cleaning or maintenance the machine was supposed to stop.

30.     On July 24, 2008 in the course and scope of his employment with AGC Chemical

of America, Plaintiff Paul Proudfoot was servicing the aforementioned Model 900-6 Strand

7

Case ID: 090400966

pelletizer machine by replacing the cutting blade.  After being summoned by the machine

operator to investigate a grinding noise, Mr. Proudfoot lifted the lid of the machine to remove the

feed tray to access the nature of the problem.   While attempting to troubleshoot the problem, Mr.

Proudfoot inadvertently hit the start button causing the machine to cycle.  His right hand got

pulled in between the rollers and into the cutting knife severely lacerating and causing avulsion

injuries to his right hand and right index, long and ring fingers suffering serious and permanent

injuries described more extensively below.

31.     Plaintiff Paul Proudfoot accident and injuries were caused by the defective and

unsafe design of the aforementioned Model 900-6 Strand pelletizer machine.

## COUNT I - NEGLIGENCE
## PLAINTIFF PAUL PROUDFOOT v. DEFENDANT ACCRAPAK SYSTEMS LIMITED

32.     Plaintiffs incorporate by reference each and every preceding paragraph with the

same force and effect as though set forth fully here at length.

33.     Defendant's negligence consisted of the following acts and omissions:

    a.  Failure to design, manufacture, market and sell the aforementioned Strand
        pelletizer machine with due care;

    b.  Failure to incorporate on the aforementioned Strand pelletizer machine
        proper and adequate safety features for the product's foreseeable and
        intended uses and foreseeable misuses;

    c.  Failure to provide proper and adequate warnings and instructions on the
        use, operation, servicing and maintaining of said machine;

    d.  Failure to provide warnings on the aforementioned machine notifying all
        users, operators and service personnel that the machine could start up at
        any time;

    e.  Failure to provide a proper and reliable fail safe interlock guarding system
        for the aforementioned pelletizer machine;

8

f.  Failure to provide a captive key interlock feature such that once any lids were in the open position all power sources and energy to the machine would be de-energized until the key would be reinserted into the machine;

g.  Failure to provide a visual alarm or indicator that would alert all personnel in the vicinity of the machine when power to the machine was still on;

h.  Failure to minimize to the fullest extent possible the foreseeable hazards and risks of injury associated with the design of the aforementioned strand pelletizer machine and particularly any moving parts inside the feed tray area including the rollers and cutting knives;

i.  Failure to provide every element and safety feature necessary to make this product for its reasonably foreseeable and intended uses;

j.  Failure to provide a protective cover for the control box so that the machine could not be inadvertently or accidentally started;

k.  Failure to provide a lock out box/receptacle disconnect switch on the machine where the plug/cord was located;

l.  Failure to provide a magnetic interlock or other limit switch for the feed tray assembly area of the machine;

m.  Providing an extension cord that required the equipment to be locked out and tagged out remotely; and

n.  Failure to provide redundancy electrical safety switch that will not allow machine to run, cycle or be energized unless mechanical rod is adjusted through and into slotted hole of the frame of the lid.

34.  As a direct and proximate result of the Defendant's negligence and the unsafe condition of the aforementioned 900-6 Strand pelletizer machine, Plaintiff Paul Proudfoot suffered the following injuries and damages:

a.  Severe laceration to the right hand and fingertips of the index, long and ring fingers;

b.  Loss of the tips of fingers and nail beds;

c.  Damage to the nerves of Plaintiff's index, long and ring fingers causing altered sensation and hypersensitivity;

d.  Disfigurement;

9

   e.  Great pain, suffering and the loss of life's pleasures, past and future;

   f.  Emotional distress, anxiety and despair, past and future;

   g.  Loss of earnings, past and future and lost of earning capacity; and

   h.  Hospital, medical and rehabilitation expenses, past and future.

   **WHEREFORE,** for all of which damages Plaintiff demands judgment against Defendant

Accrapak Systems Limited in an amount in excess of One Hundred Thousand Dollars

($100,000.00) exclusive of interest and costs.

### COUNT II - NEGLIGENCE
### PLAINTIFF PAUL PROUDFOOT v. AEC DEFENDANTS

   35.   Plaintiffs incorporate by reference each and every preceding paragraph with the

same force and effect as though set forth fully here at length.

   36.   Defendants' negligence consisted of the following acts and omissions:

   a.  Failure to design, manufacture, market and sell the aforementioned Strand
       pelletizer machine with due care;

   b.  Failure to incorporate on the aforementioned Strand pelletizer machine
       proper and adequate safety features for the product's foreseeable and
       intended uses and foreseeable misuses;

   c.  Failure to provide proper and adequate warnings and instructions on the
       use, operation, servicing and maintaining of said machine;

   d.  Failure to provide warnings on the aforementioned machine notifying all
       users, operators and service personnel that the machine could start up at
       any time;

   e.  Failure to provide a proper and reliable fail safe interlock guarding system
       for the aforementioned pelletizer machine;

   f.  Failure to provide a captive key interlock feature such that once any lids
       were in the open position all power sources and energy to the machine
       would be de-energized until the key would be reinserted into the machine;

10

g. Failure to provide a visual alarm or indicator that would alert all personnel in the vicinity of the machine when power to the machine was still on;

h. Failure to minimize to the fullest extent possible the foreseeable hazards and risks of injury associated with the design of the aforementioned strand pelletizer machine and particularly any moving parts inside the feed tray area including the rollers and cutting knives;

i. Failure to provide every element and safety feature necessary to make this product for its reasonably foreseeable and intended uses;

j. Failure to provide a protective cover for the control box so that the machine could not be inadvertently or accidentally started;

k. Failure to provide a lock out box/receptacle disconnect switch on the machine where the plug/cord was located;

l. Failure to provide a magnetic interlock or other limit switch for the feed tray assembly area of the machine;

m. Providing an extension cord that required the equipment to be locked out and tagged out remotely; and

n. Failure to provide redundancy electrical safety switch that will not allow machine to run, cycle or be energized unless mechanical rod is adjusted through and into slotted hole of the frame of the lid.

37. As a direct and proximate result of the defective condition of the Model 900-6 Strand pelletizer machine involved in Plaintiff's accident, Plaintiff Paul Proudfoot suffered the injuries and damages set forth in paragraph 34(a) – (n) above.

**WHEREFORE,** for all of which damages Plaintiff demands judgment against Cumberland Defendants and each of them in an amount in excess of One Hundred Thousand Dollars ($100,000.00) exclusive of interest and costs.

11

## COUNT III – STRICT LIABILITY
## PLAINTIFF PAUL PROUDFOOT v. DEFENDANT ACCRAPAK SYSEMS LIMITED
## AND AEC DEFENDANTS

38.    Plaintiffs repeat, re-allege and incorporate by reference each and every preceding allegation as though set forth fully here at length as if incorporated herein by reference.

39.    The aforementioned Model 900-6 Strand pelletizer machine was defective and unsafe when it left the control of all Defendants because it was unsafe for the reasonably foreseeable and intended uses.

40.    The subject Model 900-6 Strand pelletizer machine caused Plaintiff Paul Proudfoot's injuries when he used this product in a reasonably foreseeable and intended use.

41.    The aforementioned Model 900-6 Strand pelletizer machine was not equipped with every element necessary to make it safe for is intended and foreseeable uses when sold and placed into the stream of commerce by Defendants.

42.    The aforementioned Model 900-6 Strand pelletizer machine was unreasonably dangerous and defective pursuant to the doctrines of strict liability as established by Pennsylvania law and Section 402A of the Restatement (Second) of Torts.

43     Defendant Accrapak Systems Limited and AEC Defendants are strictly liable for placing into the stream of commerce a defective and unsafe product pursuant to the doctrines of strict liability and Section 402A of the Restatement (Second) of Torts.

44     As a direct and proximate result of the defective condition of the Model 900-6 Strand pelletizer machine involved in Plaintiff's accident, Plaintiff Paul Proudfoot suffered the injuries and damages set forth in paragraph 34(a) – (h) above.

12

WHEREFORE, for all of which damages Plaintiff demands judgment against all Defendants and each of them in an amount in excess of One Hundred Thousand Dollars ($100,000.00) exclusive of interest and costs.

## COUNT IV – BREACH OF WARRANTIES
## PLAINTIFF PAUL PROUDFOOT v. DEFENDANT ACCRAPAK SYSTEMS LIMITED AND AEC DEFENDANTS

45.     Plaintiffs repeat, re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth here at length.

46.     At some time prior to July 24, 2008 and well known to all Defendants, all Defendants expressly represented or in some other manner, expressed warranties that the subject Model 900-6 Strand pelletizer machine and its component parts were safe for use for the purposes intended and were of merchantable quality.

47.     At some time prior to July 24, 2008 and well known to Defendants, Defendants represented or warranted by implication that the subject Model 900-6 Strand pelletizer machine and its component parts were reasonably fit for the purposes intended and were of merchantable quality.

48.     The representations and warranties set forth in the preceding paragraphs formed part of the bargain for selling the Model 900-6 Strand pelletizer machine in question and was relied upon by Plaintiff-husband and his employer when Defendants sold and/or supplied this product to ACG Chemical of America and when Plaintiff used this product for its intended purpose pursuant to its employment duties.

49.     In truth and in fact, the above representation of Defendant was false.

13

Case ID: 090400966

50.     As a direct and proximate result of the aforementioned breach of warranties, Plaintiff Paul Proudfoot suffered the following injuries and damages set forth in paragraph 34(a) (1) above.

**WHEREFORE**, for all of which damages Plaintiff demands judgment against all Defendants and each of them in an amount in excess of One Hundred Thousand Dollars ($100,000.00) exclusive of interest and costs.

## COUNT IV - LOSS OF CONSORTIUM
### PLAINTIFF CHRISTY PROUDFOOT v. DEFENDANT ACCRAPAK SYSTEMS LIMITED AND AEC DEFENDANTS

51.     Plaintiffs repeat, re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth here at length.

52.     On July 24, 2008 Plaintiff-wife Christy Proudfoot was married to Plaintiff-husband Paul Proudfoot.

53.     In the event that Plaintiff-husband Paul Proudfoot prevails on any of his causes of action against Defendants, Plaintiff-wife Christy Proudfoot is entitled to be compensated for her loss of consortium as a result of Plaintiff-husband's accident and injuries.

54.     As a direct and proximate result of Plaintiff Paul Proudfoot's accident and injuries, Plaintiff Christy Proudfoot suffered the following injuries and damages:

    a.  Loss of the services, society and conjugal fellowship of Plaintiff-husband and;

    b.  Also Plaintiff-husband's earning assistance.

55.     All Defendants are jointly and severally liable to Plaintiffs for Plaintiff's accident, injuries and damages.

14

Case ID: 090400966

WHEREFORE, for all of which damages Plaintiff Christy Proudfoot demands judgment against all Defendants and each of them for a sum in excess of One Hundred Thousand Dollars ($100,000.00) exclusive of interest and costs.

Respectfully submitted,
GALFAND BERGER, LLP

BY: _____

RICHARD M. JUREWICZ, ESQUIRE
Attorney for Plaintiffs
Attorney I.D. No.: 39436
1818 Market Street, Suite 2300
Philadelphia, PA 19103
215-665-6829
rjurewicz@galfandberger.com

15

## VERIFICATION

I hereby affirm that the following facts are correct:

I am the Plaintiff in the foregoing action and the attached Amended Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in preparation of my lawsuit. The language of the Amended Complaint is that of counsel and not of me. I have read the Amended Complaint and to the extent that the Amended Complaint is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the content of the Amended Complaint is that of counsel, I have relied upon counsel in making this Verification. I hereby acknowledge that the facts set forth in the aforesaid Amended Complaint are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

DATE: 7-16-09

PAUL PROUDFOOT

DATE: 7/16/09

CHRISTY PROUDFOOT